| | |
|---|---|
| **LOYD EADES HOGUE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5000** |
| **STATE FARM FIRE AND CASUALTY CO.,** **MATTHEW MCGREGOR, XYZ INSURANCE CO.** | **SECTION "B"(2)** |

## ORDER and REASONS

Before the Court is State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Dismiss for lack of Personal Jurisdiction, Motion to Dismiss on the grounds of Improper Venue, Motion for Change of Venue (Rec. Doc. 6). The motions are opposed. (Rec. Doc. 11). Also before the Court is Loyd Eades Hogue's ("Plaintiff") Motion to Remand the suit to the Civil District Court for the Parish of Orleans, Louisiana. (Rec. Doc. 7-4). This motion is unopposed. After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED** and Defendant's Motions to Dismiss and for Transfer of Venue are **DENIED**.

## BACKGROUND

The instant suit was filed on August 4, 2008 in the Civil District Court for the Parish of Orleans, Louisiana. On or

1

around August 2, 2007, Matthew McGregor ("Matthew") and John Hogue ("John") were involved in an automobile accident approximately 4 miles west of Williston, North Dakota, which resulted in John's death. (Rec. Doc. 1-2). At the time of the accident, Matthew was operating the vehicle owned by Plaintiff, and Plaintiff's son, John, was a passenger. (*Id*. at 2). Subsequently, Plaintiff filed suit in state court against Defendant, Matthew, and Matthew's insurer XYZ Insurance Company ("XYZ"). (*Id*.). Prior to filing any responsive pleadings, Matthew and XYZ settled out of court with Plaintiff. (Rec. Doc. 11). Defendant timely filed an answer (Rec. Doc. 4), and had the suit removed to this Court. (Rec. Doc. 1). Defendant subsequently filed the instant motion seeking dismissal for lack of personal jurisdiction, dismissal for improper venue, and in the alternative, a transfer of venue. (Rec. Doc. 6). The very same day, Plaintiff filed his Motion to Remand to state court. (Rec. Doc. 7-4).

With respect to personal jurisdiction, Defendant asserts that Defendant is organized and incorporated under the laws of Illinois, with its principle place of business in Bloomington, Illinois and is thereby beyond the jurisdiction of this Court. (Rec. Doc. 6-2 at 2). Defendant claims that Defendant has not

performed any act arising from this suit by which it has purposefully availed itself of the privilege of conducting activities within Louisiana. (*Id.* at 4). According to Defendant, the only connection to Louisiana is Plaintiff's domicile and the insurance policy naming Plaintiff as insured. (*Id.*). Defendant further contends that Matthew is a resident and domiciliary of either North Dakota or Mississippi, and is not subject to the personal jurisdiction of this Court. (Rec. Doc. 6).

With respect to venue, Defendant urges that all defendants reside outside of Louisiana, and therefore, Louisiana is not the proper venue for the instant suit. (Rec. Doc. 6-2 at 4). In support of this argument, Defendant asserts that the accident occurred outside of Louisiana. (*Id.*).

Alternatively, Defendant claims that the suit should be transferred pursuant to 28 U.S.C. §1404. (Rec. Doc. 12-3). Defendant contends that the major operative events surrounding the suit took place in North Dakota. (*Id.* at 2). Because of this fact, Defendant avers that North Dakota would be more convenient to view the scene of the accident, less burdensome to compel witnesses, more cost efficient, and in the best interest of the public in general. (*Id.*).

Plaintiff seeks to have the case remanded asserting that this Court lacks jurisdiction because the amount in controversy does not exceed $75,000 exclusive of interest and costs. (Rec. Doc. 7-4). The only support Plaintiff provides for this contention is the assertion in his motion that the amount in controversy will not exceed $75,000. (Rec. Doc. 7-5 at 1).

In opposition to Defendant's motions to dismiss, Plaintiff contends that Defendant is the only defendant in the suit at this time, and therefore, has no standing to make representations for Matthew or otherwise as to the jurisdiction of this Court. (Rec. Doc. 11 at 2). Plaintiff avers that Defendant did have sufficient minimum contacts with Louisiana because it: (1) entered into a contract of insurance with Plaintiff in Orleans Parish, Louisiana; (2) issued the policy which provided coverage for Plaintiff's home in Orleans Parish, Louisiana; (3) issued an insurance policy which provides coverage in accordance with the laws of Orleans Parish and the State of Louisiana; and (4) all communication and correspondence from Defendant was sent to Plaintiff's home in Orleans Parish, Louisiana. (Rec. Doc. 11 at 3-4).

In addressing Defendant's motion to transfer, Plaintiff asserts that the only witness to the accident is Matthew, who is a Mississippi resident and not a party to the suit. (Rec. Doc.

4

at 4). Plaintiff further asserts that Plaintiff has no connection with North Dakota, and at the time he purchased the insurance policy he had no expectation of having to pursue his insurance company in any state other than Louisiana. (*Id.*). Thus, Plaintiff contends that transferring the suit to North Dakota would not be in the interest of justice. (Rec. Doc. 11).


## DISCUSSION

### I. *Hogue's Motion to Remand*

In considering the procedure to remove a case from state court to Federal Court, the movant must satisfy the basic federal evidentiary burden of proof. Generally, a defendant may remove a civil action filed in state court to a federal court if such a federal court would have had original jurisdiction over the action. *See* 28 U.S.C.A. §1446(b) (2009). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *Gasquet v. Lexington Ins. Co.*, No. 06-5931, 2006 U.S. Dist. WL 3497777, at *1 (E.D. La. Nov. 30, 2006). However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C.A. §1447(c) (2009).

According to the court in *Gasquet*, supra, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction depends on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Gasquet* at *2. When the plaintiff claims a damage figure that is greater than the required amount in controversy, that amount controls if made in good faith. *Id*. If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Id*.

The plaintiff's in *Gasquet* filed their action in Louisiana state courts, and Louisiana law does not permit a party to plead a specific amount of money damages. *Id*. Thus, where the petition does not include a specific monetary demand, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.; See* also *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id*. If a defendant meets his burden in either of these ways, the plaintiff, in order to defeat removal, must then show that it is

legally certain that his recovery will be less than $75,000. *Id.* at *2.

A plaintiff may show that it is legally certain that he will recover damages in an amount less than the jurisdictional threshold by filing a binding stipulation or affidavit with his complaints. *Id.* Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. *Id.*

As applied to the case at bar, Hogue asserts in his motion to remand that this Court does not have jurisdiction because the amount in controversy does not exceed $75,000. (Rec. Doc. 7-4). Hogue did not plead a specific dollar amount in money damages as required by Louisiana law. *See* La. C.C.P. art. 893(A)(1). Thus, we must consider whether State Farm can show by a preponderance of the evidence that the claim falls within the jurisdiction of this Court.

In focusing on the face of the initial complaint, the court in *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999) found that the face of the plaintiff's complaint indicated by a preponderance of the evidence the amount in controversy would likely exceed $75,000. In her petition, the plaintiff

7

alleged that an airline had lost the luggage containing her prescription heart medication and, therefore, caused her subsequent heart failure, pulmonary edema, and respiratory distress. *Id.* She emphasized that she was suing in tort, not contract. *Id.* The plaintiff also indicated damages for property, travel expenses, an emergency ambulance trip, her six (6) day stay in the hospital, pain and suffering, humiliation, and her inability to do housework after the hospitalization. *Id.* Thus, the gravity and specificity of the damages listed was reasonably sufficient to satisfy the jurisdictional amount. *Id.*

The instant case is analogous to *Luckett*. In the petition for removal, State Farm presented a number of the allegations Hogue stipulated in the original complaint. Specifically, State Farm asserts that Hogue and his predeceased wife seek to recover damages for wrongful death, survival action, personal injury, negligent infliction of emotional distress, and other special damages due to John's pre-terminal suffering. (Rec. Doc. 1 at 2). State Farm also stipulates that Hogue seeks to recover punitive damages. (*Id.*). The gravity and specificity of the aforementioned allegations would lead one to reasonably infer from the face of the original petition that this claim likely exceeds $75,000. Accordingly, State Farm has shown by a

preponderance of the evidence that the amount in controversy exceeds the requisite amount.

Since State Farm has met its burden, Hogue must then show to a degree of legal certainty that his recovery would be less than the requisite amount in order to defeat removal. In the instant case, there is no statute limiting Hogue's recovery. For this reason, Hogue should have submitted a binding stipulation or affidavit with the original complaint that would in effect renounce his right to recover anything greater than $75,000. *See Gasquet* at *3. Hogue has inserted in his memorandum in support of the motion to remand that "it is stipulated to and determined by the plaintiffs that the amount in controversy at this time, exclusive of interests and costs, does not exceed $75,000." (Rec. Doc. 7-5 at 1). However, this statement is not binding, and does not serve to effectively renounce Hogue's right to recover an amount that exceeds $75,000.

State Farm has shown by a preponderance of the evidence that the claim would meet the requisite amount for this Court to have jurisdiction. State Farm has done so by setting forth specific allegations in Hogue's petition which would lead a reasonable person to believe that the claim would likely exceed $75,000. As such, Hogue has not shown with any legal certainty,

by means of legal doctrine or binding stipulation filed by him with his original petition, that his claim would not exceed $75,000. Therefore, Hogue's motion to remand should be denied.

## II. State Farm's Motions to Dismiss

### A. *Personal Jurisdiction*

The Louisiana Long-Arm Statute grants courts the power to exert personal jurisdiction over nonresidents. *See* La. R.S. 13:3201. The statute provides that a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States. La. R.S. 13:3201 (B). Thus, the exercise of jurisdiction must comport with due process. *See New Investment Properties, LLC v. ABC Ins. Co., Et al.*, 07-0943 (La. App. 4th Cir. 11/21/07) 972 So.2d 392, 395 (citing *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So.2d 790, 792 (La. 1987)). Due process requirements are satisfied when the nonresident has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id*. (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)). A nonresident

defendant having sufficient minimum contacts depends on whether he has "purposefully availed" himself of the privilege of conducting activities in the forum state, "thus invoking the benefits and protections of its laws." *Id.* (citing *J. Wilton Jones v. Touche Ross & Co.*, 556 So.2d 67 (La. App. 4th Cir. 1989) (quoting *Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228, 1240, 2 L. Ed.2d 1283 (1958)). The nonresident defendant's contacts with the forum state must be such that the defendant should have reasonably anticipated being haled into court there. *Id.* at 396 (citing *Sparks v. United States Fidelity and Guaranty Co.*, 93-2498 (La. App. 4th Cir. 2/11/93), 614 So.2d 290, 293, *Ford v. Calo*, 602 So.2d 787, 789 (La. App. 4th Cir. 1992). Accordingly, where the defendant has deliberately engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum, he has effectively availed himself of the privilege of conducting business there. *Id.* (citing *Burger King*, 471 U.S. at 475, 105 S. Ct. 2174 (internal citations omitted). In that case, because the defendant's activities would be shielded by the benefits and protections of the forum's laws it would not be unreasonable to require him to submit to the burdens of litigation in that forum as well. *Id.*

In further addressing the minimum contacts requirement, the Supreme Court has distinguished between "specific" and "general" personal jurisdiction. *Alden v. State Farm Fire and Casualty Co.*, 99-2442 (La. App. 4th Cir. 3/22/00) 760 So.2d 431, 433. A State has specific personal jurisdiction over a defendant when the claim arises directly from the defendant's contacts with that State. *See Id.* A State has general personal jurisdiction where the defendant has contacts with that State but the claim does not arise directly from those contacts. *Id.* (citing *Helicopteros Nacionales deColombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed.2d 404 (1984). Consequently, in order for the court to have general personal jurisdiction over a nonresident defendant, those contacts must be continuous and systematic. *Id.*

Additionally, to determine whether the exercise of personal jurisdiction would offend the notions of fair play and substantial justice, several factors may be considered: the burden on the defendant; the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies. *Id.* at 434.

As mentioned above, Matthew and his insurer, XYZ, reached a settlement agreement with Hogue prior to filing any responsive pleadings. Therefore, this court's jurisdiction over them in this matter is not in dispute. However, we have found that this court does, in fact, have personal jurisdiction over State Farm. Similar scenarios have already been made a part of Louisiana jurisprudence. *See Alden*, supra, (ruling that there were continuous and systematic contacts sufficient to exercise personal jurisdiction over a nonresident insurance company, where the insurance contract with the plaintiff and the incident giving rise to the claim occurred outside the forum state).

In the instant case, State Farm argues that it has not performed any act arising from this lawsuit by which it has purposefully availed itself of the privilege of conducting activities within Louisiana. In comparing *Alden* to the case at bar, the injury giving rise to Hogue's claim occurred outside of Louisiana as well. Specifically, the accident occurred in North Dakota. Likewise, State Farm currently has business interests such as insurance policies with other residents throughout Louisiana. Similar to *Alden*, this suit does not arise directly from State Farm's contacts with Louisiana; however, State Farm has created continuing obligations between itself and residents of Louisiana through various insurance policies. Thus, State

Farm has manifestly availed itself of the privilege of conducting business in Louisiana and has benefited from the protection of Louisiana law. In fact, Hogue is in a better position than *Alden* because Hogue's policy was issued under the laws of Louisiana. Naturally, correspondence between State Farm and Hogue was directed to Hogue's home in Louisiana. Furthermore, State Farm issued an insurance policy to Hogue which provided coverage for Hogue's Louisiana residence. Hence, State Farm has had continuous and systematic business relationships with Louisiana residents, including Hogue. Accordingly, this Louisiana court does have general personal jurisdiction over State Farm.

With respect to fairness and substantial justice, although the accident occurred in North Dakota, the accident would require investigation in North Dakota, and the only witness is a nonresident of Louisiana, the burden of trying the case would not be extensive for State Farm. Modern communication and transportation would allow State Farm to obtain any documentation from the investigation with ease. The burden to have witnesses come to a Louisiana court is not great because at present, there is only one potential witness to the suit. The insurance contract was executed in Louisiana. Not only was the deceased a resident of Louisiana, but the deceased's father,

Hogue, is a resident of Louisiana. It would not be reasonable to expect Hogue to pursue litigation against his insurer in North Dakota. Because State Farm is a national insurance company doing business in this state, Louisiana has a policy interest in protecting its citizens. Furthermore, State Farm was certainly placed on notice that it could potentially be haled into a Louisiana court as a result of its business contacts with Louisiana. Therefore, the traditional notions of fair play and substantial justice would not be offended by Louisiana exercising jurisdiction over this matter.

### B. *Improper Venue*

28 U.S.C §1391(a) provides for the proper venue when a civil action is brought to a federal court based solely on diversity of citizenship. It states in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id*. A defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C §1391(c). In a State that has more than one judicial district, a defendant corporation is deemed to reside in any district in that State within which the corporation's contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. *See Id*.

The burden is on the objecting defendant to establish that venue is improper. *Smith v. Fortenberry*, 903 F. Supp. 1018, 1019 (E.D. La. 1995). But 'the better view' and the clear weight of authority, is that, when objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue. *Id*. at 1020.

This suit is based solely on diversity of citizenship, as Hogue is a resident of Louisiana, State Farm is an Illinois corporation with its principle place of business in Bloomington, Illinois, and the amount in controversy exceeds $75,000 exclusive of interests and costs. (Rec. Doc. 1 at 3). State Farm proclaims in its motion to dismiss that venue is improper because all defendants are residents outside of Louisiana.

(Rec. Doc. 6-2 at 4). This contention is founded upon the principle set forth in 28 U.S.C. §1391(a)(1), which provides that venue is proper in a judicial district where any defendant resides, if all defendants reside in the same State. However, State Farm's reasoning is misplaced because State Farm is presently the only defendant to this suit. Prior to having removed the proceedings to this Court, the remaining defendants (Matthew and XYZ) reached a settlement agreement. Thus, the only residence to be considered for purposes of 28 U.S.C. §1391 is that of State Farm.

Louisiana is a multi-district state. Pursuant to 28 U.S.C. §1391(c), State Farm, a defendant corporation, is deemed to reside in any district in Louisiana within which its contacts are sufficient to subject it to personal jurisdiction. State Farm admits to having issued an insurance policy to Hogue, whom is a resident of Orleans Parish. Moreover, in his opposition to State Farm's motion, Hogue has asserted that the insurance contract was executed in Orleans Parish, Louisiana, the contract covers Hogue's home and vehicles in Orleans Parish, the policy was in accordance with the law of Orleans Parish, and that correspondence with State Farm to Hogue was sent to Hogue's home in Orleans Parish. (Rec. Doc. 11 at 4). Not only has Hogue shown that State Farm purposefully availed itself of conducting

activities in Louisiana, but also that State Farm has continuous and systematic business contacts with Orleans Parish. Therefore, State Farm is subject to the personal jurisdiction of the Eastern District of Louisiana and is considered to reside therein for purposes of 28 U.S.C. §1391(a)(1).

State Farm has also invoked 28 U.S.C. §1391(a)(2) by implication, arguing that venue in the Eastern District of Louisiana is improper because the accident occurred in North Dakota. (Rec. Doc. 6-2). However, State Farm's argument is flawed. While the events giving rise to this claim occurred in North Dakota, Hogue might have also filed his claim in Louisiana pursuant to 28 U.S.C. §1391(a)(1) for the reasons mentioned above. Therefore, the Eastern District of Louisiana was a proper venue.

Because Hogue may have brought his claim in either North Dakota or Louisiana, 28 U.S.C. §1391(a)(3) is inapplicable. Consequently, we must consider whether the Eastern District of Louisiana or the Northwestern District of North Dakota would serve to promote the best interest of justice.

### C. *Transfer of Venue*

In instances where an action may have been filed in more than one venue, 28 U.S.C. §1404(a) provides that for the

convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The defendant moving to transfer venue must show good cause. *I Santi, Inc. v. Great American Ins. Co. of New York*, No. 08-895, slip op. at 1 (E.D. La. Oct. 31, 2008) (citing *In re Volkswagen of America, Inc.*, 2008 WL 4531718 at *7 (5th Cir. 2008) (en banc)). In order to show good cause, the defendant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is more convenient for the parties and witnesses. *Id*. When the transferee venue is not clearly more convenient, then the reviewing court should respect the plaintiff's choice. *Id.* When reviewing a transfer motion, the district court must consider the private and public interest factors enunciated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). *Id*. at 2. The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *Id*. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests

decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* While the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. *Id.* Moreover, no single factor is of dispositive weight. *Id.*

In order to determine whether the instant case should be transferred to the Northwestern District of North Dakota, State Farm must show good cause for the transfer. The private and public interest factors used to establish good cause will be discussed in turn.

### 1. Private Interest Factors

The factors that weigh in favor of transfer are the relative ease of access to sources of proof, and the cost of attendance for willing witnesses. The accident scene and any relevant evidence that may be collected therefrom are located in the Northwestern Division of North Dakota. Consequently, any possible accident reconstruction or investigations would have to be performed in North Dakota. Furthermore, the costs to compel potential witnesses to testify in court would be lessened if the suit were transferred to a North Dakota Court because they are

already subject to state jurisdiction and would not be overly burdened to travel.

Conversely, although it would be more convenient to obtain evidence if the case were transferred, it would not be practical for Hogue, a Louisiana resident, to pursue his claim in North Dakota. Other than his son's accident, Hogue has no connection to North Dakota. Hogue, a private citizen, would bear a greater burden to assert his claim in North Dakota than would State Farm, a national corporation, to defend itself in Louisiana. When Hogue purchased the policy in question, it is unlikely that he had any expectation of having to pursue State Farm in a state other than Louisiana. Hence, this factor does not weigh in favor of transfer.

With regard to the availability of compulsory process, State Farm contends that there are likely to be more witnesses in North Dakota than in Louisiana. Further, State Farm argues that any unwilling witnesses who reside in North Dakota would be subject to compulsory process in North Dakota. (Rec. Doc. 12-3 at 3). The Court agrees that witnesses such as investigation officers, medical providers, as well as others who may have been present at the scene of the accident would be subject to compulsory process in North Dakota. (*Id.*). However, the only witness that either party has mentioned that would possibly

testify at trial is Matthew, whose residence is either North Dakota or Mississippi. Since the determination of actual witnesses who will be called to testify at trial is uncertain, this factor is neutral.

### 2. Public Interest Factors

The factors that weigh against transfer are administrative difficulties, forum familiarity with the law of the case, and problems of conflict of laws. There is no evidence to support a finding that the claim would be disposed of more effectively and efficiently in a court other than a Louisiana court. Further, nothing has been presented to show that North Dakota law would govern the interpretation of the insurance policy. Even if North Dakota law would apply in this case, there is no reason to believe that a Louisiana District Court would have difficulty interpreting it. This is suit involves a common vehicular accident claim which Louisiana courts have ruled on many times before. Consequently, these factors weigh against transfer.

North Dakota does have a public interest in having matters resolved there because it is where the damage occurred. However, the insurance policy provides coverage in accordance with the laws of the Parish of Orleans and the State of Louisiana. Louisiana has a substantial public interest in

resolving its' residents contractual affairs when the contract was executed in this state. As mentioned previously, at the time Hogue entered the insurance contract, he had no reasonable belief that he would have to pursue his insurer in a state other than Louisiana. Thus, this factor does not weigh in favor of transfer.

### 3. Conclusion for Transfer

In light of the convenience of the parties, witnesses, and the interest of justice, State Farm has not shown that the Northwestern District of North Dakota is clearly more convenient than the Eastern District of Louisiana. Although the accident occurred in North Dakota, State Farm has not proven with substantial certainty that the majority of any actual witnesses to testify at trial reside in North Dakota. State Farm has neither shown that the Louisiana court docket would be burdened by hearing the case, nor that a Louisiana court would have difficulty applying the laws of North Dakota for this type of claim. Thus, State Farm has failed to show good cause to transfer the case to the Northwestern District of North Dakota and this court will respect Hogue's choice of forum[1]. Accordingly,

---

[1] See Generally *I Santi, Inc.*, supra, weighing private and public interest factors.

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED** and Defendant's Motions to Dismiss and for Transfer of Venue are **DENIED**.

New Orleans, Louisiana, this 13th day of ___August___, 2009.

**IVAN L. R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**